Good morning, Your Honors. May it please the Court, my name is Scott Claus. I represent U-Haul Co. of Nevada and U-Haul International, Inc. The facts and procedural history of this case are certainly, hopefully, unique. But fortunately, the Congressional mandate that guides this Court is unambiguous, it's clear, and it's been decided again and again by this Court and the Supreme Court. The Westfall Act was enacted in 1988 as a reaction to the Westfall case. And when creating the Westfall Act, Congress contemplated two scenarios when an employee of the federal government is sued. It envisioned that the United States Attorney or the Attorney General or their designee would certify that the employee was acting within the course and scope of employment during the incidents that give rise to the claim. Congress also contemplated that the United States Attorney or Attorney General would refuse to certify that the employee was acting within the course and scope of employment during the incidents that gave rise to the lawsuit. Here, this Court and the district court... Either decision is reviewable by us. Either decision is reviewable by you. The decision to substitute the United States can be challenged by the plaintiff. Correct, Your Honor. And the decision not to substitute the United States can be challenged by the employee who is the named defendant, right? That's correct, Your Honor. Okay. When I say us, I mean the district court. I mean the federal court, by the courts. Yes, Your Honor. In this case, we have the Attorney General comes in and substitutes for one and not for the other named employee. That's correct, Your Honor. I'd like to start with the refusal of the United States Attorney to certify that Nathan Albright was acting within the course and scope of his employment. Congress set forth a mandatory procedure in that scenario. It permits the employee to petition the district court. Gutierrez v. Lomano, the United States Supreme Court case, and this circuit's opinions beginning with Green going forward, all stand for a singular proposition, that the employee who challenges the United States Attorney's refusal to certify, one, bears the burden of coming forward with evidence, and two, bears the burden of proof. But those two proof requirements can only be met once the employee petitions the court to challenge the certification. So in your view, the petition is a requirement, perhaps a jurisdictional requirement, for the – I mean, what happens if, in the course of adjudicating the case, the district court finds, as I guess it did in this case, rightly or wrongly, there is evidence, not presented by that employee, but in considering other matters. In this case, obviously the two employees were closely related. One was the supervisor of the other, and says, oh, I've now looked at the evidence that was presented to me, the district judge, and I find that both employees are – were acting in the scope of their authority. So it wasn't presented by that employee, but it was before me, the district judge. Why can't the district judge say, I'm making that decision? There are two answers to your question, Your Honor, one legal and one fact-specific to this case. The legal answer is this Court's language in Green v. Hall in 1993 and going forward. The refusal of the attorney general or its designee to certify that an employee was acting within its course and scope during the incident is conclusive until it is challenged by petition by the employee. Therefore, there is no jurisdictional issue. I don't mean to get too metaconstitutional, but it's really a separation of powers issue, because the attorney general acts on behalf of the executive branch. Ginsburg. Is there a time fuse on it? Because perhaps what was in the district court's mind was a case management issue. He's looking at his jurisdiction, and he's saying, look, if Albright goes back to State court, he can then petition, and then it just kicks right back to me. There is a time fuse, Your Honor, and the time fuse is prescribed by Congress. Congress specifically stated that at any time prior to trial, the employee may petition. So the scenario I just mentioned could happen. And the scenario was contemplated by the United States Supreme Court in Osborne v. Haley. It's in footnote 16, in fact. Because the employee must petition the court. Can I ask, you're saying that a district judge would be powerless, so let's assume the person is pro se, and he sees that, you know, there's really no difference between the two employees. So the person doesn't know the process and what has to be done. So the judge can't, if he appointed a lawyer and I say, you need a lawyer who then files and tells him to file the petition. So we're just going through a bureaucratic formality here, aren't we? No, Your Honor. We're not going through a bureaucratic formality at all, given the status of this particular case. The court has to recognize that. I guess my point is, why do you have to argue such a broad thing when you have the facts of this case? Why do you have to take such a broad position when you have the facts of this case? Well, I was answering Judge Kaczynski's question about what a district court could do and Judge Reimer's question about what the time frame is. The issue is, in this case, there was no factual difference. Well, I don't think you answered him, because you say even after the day of the trial, the judge could, you know, he could file the petition. So what are we going through? With respect to Mr. Albright, he did not file a petition. I understand. Okay. He didn't. And nobody filed a petition. You have, as Judge Trager points out, you have a narrow argument that's focused on this case. Why don't you go ahead and make that argument? Sure. With respect to this case, Mr. Albright didn't petition the district court. No party petitioned the district court. Let's say he had. Go ahead. Let's say he had. What do you think? If he had. Just to get past that point. Sure. If he had, he would have had the burden to first present evidence. That didn't happen in this case. There was no evidence presented. There was no evidence adduced. There was a discovery stay put in place. Well, that brings me to the more problematic question from your point of view, and that's substituting the United States for WAMSR. My understanding is that you did not, in the district court, ask for any evidentiary hearing. And your argument was that as a matter of law, based upon the allegations in the pleadings, that he was acting outside the scope of his employment. Have I got that wrong? I believe you do, Judge Rimer. The U-Haul challenged the certification of Mr. WAMSR in four separate papers. The opposition to notice of substitution of the excerpt of Record 39, the reply to our opposition in response to a paper filed by the Kamer Law Firm, excerpt of Record 61, and the opposition to the motion to dismiss. The United States, in response to our challenge, stated that an evidentiary hearing was required. We agreed, Your Honor, in our response to that. They said we need to establish with an evidentiary record. We agreed with that. Then we moved the district court to lift the stay on discovery. I want to be correct. We moved the district court for a status conference so that we could lift the stay on discovery. And in that request, we specifically addressed the unusual proof problems presented by the certification of Mr. WAMSR as acting within the course and scope of his employment. The court granted our motion and set the status conference for the lift of that discovery stay on June 19th, five days before that scheduled status conference to lift the discovery stay so we could conduct discovery, adduce evidence, and present it at an evidentiary hearing to rebut the United States' attorney certification. The court entered this order without oral argument, without letting anyone know that it was going to entertain, decide, reflect upon the certification of Mr. Albright. So you're saying your position was something different from assuming the truth of the allegation that WAMSR supervised Albright, knew about the affair, and knew that he had gotten confidential information, and applauded it and said, yes, go for more, and let's use it in the litigation to the advantage of the NLRB? Yes, Your Honor. You wanted something more than that, and your argument was that we can't – we can't – the court can't make a decision on this without our putting on some more evidence? Well, we just – what the decisions of this Court teaches is that when there is a bona fide challenge. Your position? My position is that we made a bona fide challenge to the certification of Mr. WAMSR. The issue of an evidentiary issue was raised. The issue of an evidentiary hearing was agreed upon. I guess what I'm really saying is, from your point of view, it can't hardly have been, you know, been more favorable than to say, you know, this lawyer knew about the affair, knew about the confidential information that had been obtained, cheered it on, and said, let's use it to our advantage in litigation proceeding against you all. So on those – assuming that's true, then you want to say why the government – excuse me – why the district court got the bottom line wrong? With respect to Mr. WAMSR, we wanted to be able to present evidence to rebut the certification going back to a question you asked in the previous oral argument. Well, why would you rebut about what I just said? It's all in your favor. Well, well. It couldn't be more in your favor. The allegations – the allegations in the complaint. Unless you share the affair. I mean, truly, it's hard to imagine how it could be more in your favor. But the allegations in the complaint, Your Honor, don't constitute evidence, and they don't constitute the sum of the evidence that we would have. But you assume it to be true in order to rule on the motion to dismiss. So if you assume it to be true, why did the district court go astray in its bottom line ruling? With respect to Mr. WAMSR, Your Honor? Yes, sir. Okay. With respect to Mr. WAMSR, Your Honor, because although the allegations of the complaint were assumed to be true, the allegations of the complaint did not constitute the sum of the evidence that we would have presented to the court had we been given an opportunity. Can you just tell me briefly what that evidence would have been? No, Your Honor, I can't, because there was no discovery permitted. The discovery was stayed. That's the job of litigators, to develop evidence. I can't – I'm not going to lie to you. Give me a theory. What you would – what you would try to develop in your discovery? Well, what we would have tried to have developed during our discovery was that Mr. WAMSR did not have the ability to adduce that his conduct was much more involved than was alleged in our complaint, that his conduct was much more conspiratorial than was alleged in our complaint. And in order to develop that evidence, Your Honor, we'd need to be able to talk to, under oath, Mr. Albright. We'd maybe – and say, Mr. – Mr. Albright, when did you tell Mr. WAMSR about the affair? Oh, I told him in 2004 about the affair. That's evidence that we didn't have the ability to adduce. That's evidence that is more favorable to our position with respect to Mr. WAMSR that is not contained within our pleadings. And that's evidence that we were not permitted to present to the Court, because the Court didn't follow the congressional mandate. And how would it help you? It would help us, because under Novato law, those types of acts do not fall within the course and scope of an employee's employment. I'd like to reserve the last minute of time, if I may, Your Honor, for rebuttal. Thank you. Okay. Good morning, Chief Justice Kuczynski, Justice Reimer, and Justice Taggart. Gene Bacchus, Bacchus Carranza. I represent the law firm Cameron, Zucker, and Abbott. Based on the questions that have been asked, I think the operative question here is the question that was asked in the last argument. What would you do upon remand? What evidence would you put forward? I have a couple of concerns about the Albright issue. The first is the congressional – I mean, the legislative scheme. Which, on its face, appears to limit the ability to certify to the Attorney General or to a petition by an employee to which the Attorney General may respond. And that's probably for pretty good reason. But the second thing and related concern is, if I got it right from the record, the district court here basically made a sua sponde decision to hold that Albright on a respond – the whole of the government should step in for Albright on a respondeat superior theory. So that didn't give anybody, either the plaintiff or the government, a chance to squawk. So for both of those reasons, it seems to me that the Albright substitution is problematic. Certainly, that is a troublesome aspect of the history of this case. However, I think Judge Sandoval, maybe our next Governor in Nevada, got it right. I mean, if I can add to the concerns Judge Reimer expressed, there's also a separation of powers concern, because essentially when the Attorney General approves a substitution, it is a portent to a waiver of sovereign immunity. And waivers of sovereign immunity are narrowly construed. So Congress provides this procedure. It can be done by the Attorney General, sua sponde. I mean, Attorney General can do it on his own initiative or on petition of the employee. But there's no authority that I can see in the statute for an Article III judge, somebody outside of the executive branch, outside of the legislative branch, to put the United States at risk for a tort judgment. Essentially, what this judge did here is it waived the government's sovereign immunity vis-a-vis its possible liability for Albright's actions. So in addition to the concerns expressed by Judge Sandoval, there's a new possibility where there is the process concern, there is the legislative text concern, and there is the sovereign immunity concern, which or separation of powers, sovereign immunity concern. How do we get past that? Because all three of those. The way we address that, Justice, is twofold. First of all, it is the obligation of the district judge at all times to be perseverant in determining the jurisdiction he or she has over the case, whether it's Rule 12. He had jurisdiction based upon the Wamser certification. So he had jurisdiction over that. And once he resolved that issue adversely to you, he was left with all State law claims, including against Albright. So if he wanted to, as he did, obviously, he could just decline the exercise of jurisdiction over those. So what's the jurisdiction question? Well, you're correct. I mean, the issue that comes under the Westfall Act is the procedure in which the Attorney General is to certify or not certify and the conclusive presumptions. This Court has addressed that on several occasions in determining a distinction between whether the purpose is for removal or the purpose is for substitution. For removal, it is conclusive. When it becomes the question of substitution, it is reviewable by the Court. In that context, should, I would ask, the decision for substitution be left exclusively at the whim of the Attorney General and the employee, or should the Court have the opportunity, when it does have the evidence before it, that this employee is acting within the course and scope of employment, and clearly, under Nevada law, both employees were, the focus in Nevada law is whether this was done in the task assigned to the employees. And the essence of U-Haul's claim here, that they have to proceed on in order to recover damages, is the idea that this confidential information, however it was done, there was some intentional tort or otherwise, that it was used to the tactical advantage to further the interests of the government. That is a prong in Nevada law that puts Albright and Wamser directly in the course and scope of employment. I have four minutes. We have three other counsel. Relative to my client, the issues of whether the issue was raised at all. Kennedy. You represent the law firm. I represent the law firm. Perhaps we can hear from counsel for the United States. May it please the Court and counsel, I am Roger Wenthee, representing the United States, as to two issues. The certification of Wamser. I just want to respond to U-Haul's statement that they asked the Court to lift the stay and allow them discovery. They did not do that. They asked for a status conference, and you can look at that request for status conference in the record. It nowhere says, please lift the stay of discovery so we can take discovery as to Wamser. They never did it. They never asked for any chance to take discovery or present any evidence. So they waived that issue. On the issue of Albright, your honors are both correct. We were deprived, the United States was deprived of the process of law and of its discretion to certify or not certify a person under the separation of powers by the to certify Mr. Albright and didn't give anybody a chance to litigate that issue. And just to be perfectly clear, the Attorney General does not now consent to the certification. No, absolutely not. We believe that we should have been allowed the opportunity to show why we didn't certify Albright and that it was proper not to certify him. But nobody got the chance to put in any evidence on that issue. And so that's an improper decision. The Court should reverse that decision. Do you, in response to the questions Judge Reimer and I asked, I don't want to get too theoretical about this, but do you, does the United States take the position that the certification by the Attorney General or a petition by the employee are triggering events that put certification at issue? Or do you take the position that the district court, had it provided enough notes and so on, could have done it sua sponte? We believe the statute is clear on this. The statute says that the employee who is not certified has the right to object. And that is the only person who has standing. The district court does not have standing to raise it sua sponte. But even if they had, they had a due process obligation to give us all the chance to say what we want to say on the issue. And we didn't get that chance. Okay. Time being short, then, there being no other questions, let's hear from the next counsel. Who is counsel for? You need to tell us who you are and who you represent. Good morning. Nathan Ryan Miller from Alverson Taylor on behalf of Deborah Wilter. I think to go back to the Court's question, I think there's sort of a twofold focus. And one is the concern that this was done sua sponte by the Court. I think that the Osborne case really kind of dissects this issue, which separates the certification for removal purposes versus certification for dismissal purposes. Obviously, once it's removed, it gives the Court jurisdiction to consider that specific issue under Article III. That is, it gives them the opportunity to look at this and say, should there be a substitution? The statute we're all talking about that says that the employee who's denied certification may move the Court if they disagree with what is found, or the denial of certification. Nowhere in that statute does it say they must, or that's the only triggering event. And I think that at any point in time, the district court has control over their docket to the extent there's a question of jurisdiction. And here, once it's removed, they have the ability to consider the question. Well, Judge Rimer's question, putting aside the question of whether this is required by statute or required by separation of powers, what about the simple due process? Doesn't the district court, before it does something like this, which is fairly major, which would actually take somebody, a party that is not subject to liability and, you know, turn them into a party in the case subject to liability, isn't the district court required as a matter of due process? You know, remember law school, Mullane and all those cases, to give notice and chance for the affected parties to say something? I certainly think that in some cases that the Court can look as a matter of law and make certain determinations that are always going to have serious effects on the litigants. Here, the fact that they're substituting a party out is really no different because they could look at the facts as presented as a matter of law. And under Nevada jurisprudence, which takes a very expansive view of what is in the substance now. It will certainly make a difference. I mean, let's say at the bottom line, it would make a difference in that the United States might be exposed to liability for Albright's action, whereas if there were a substitution, it wouldn't be. So it does make that kind of difference, right? It has a risk of loss that doesn't otherwise exist. And factually, it seems to make a difference. I mean, this is not the kind of issue as to which facts don't matter, right? If you were sort of the affected party, you want to say, well, wait a minute, there are more facts the Court should consider that we haven't presented because we didn't know this was something that we needed to address, right? That may very well be true. But in this case, they actually took plaintiff's allegation at their face value and said, this is what you're saying was done wrong. And as a matter of law, I can look at this and say — That was plaintiff, but the United States says, you know, we disagree with all of that. I mean, we're the ones affected. We might be on the hook for a big money judgment here. And we don't accept plaintiff's allegation as stated, right? I think that the baseline is that the statute doesn't limit it only to the employee challenging it and clearly anticipates there being — that the district court judge is going to disagree either with the U.S. or with the employee and vest the Court with the ability to make that decision. And I don't know that there is anything due process-wise or in the statute that requires there to be this specific hearing when all of this was argued out. This isn't something where the Court just looked at it and issued it. There was actually a fight over whether there should be certification or not. And before I use up the time, obviously, we have other counsel, I think one of the important things for the Wilshire defendant is what wasn't appealed in this case. The U.S. did not appeal, so they don't really have any standing to challenge the decision itself, which I think is extremely notable in this circumstance where we're asking about their due process rights. There was no cross-appeal. U-Haul, on the other hand, didn't challenge the decision of the district court to not exercise pendant jurisdiction on the remaining State law claims. And the reason that's important is, even if we find that these certifications were wrong, U-Haul is right and this shouldn't have been certified, it doesn't matter because the decision of the court to not exercise pendant jurisdiction has already been made and never challenged. Sotomayor What would the United States appeal? They would certainly appeal the finding or the certification of Mr. Albright. I mean, ultimately, the judgment of the district court was to dismiss the case. If the United States is happy with that judgment, it's not happy with how the court got there, why can't it – I mean, appealing would be sort of like saying, well, you know, the district court dismissed this against us, we think the district court should not have dismissed it against – you know, that's usually how judgments work.  So you're not required to appeal an order that you are happy with in the bottom line, which I gather the United States is happy that it's off the hook, but you think the court got it wrong in the method of getting there, right? I think if you're going to take the benefit of the judgment, you have to be ready to take the ramifications of the decision itself. And they can't be here to complain about it now after not having appealed that decision, even based on a policy issue. They may be happy it got dismissed, but should it have been dismissed? I think you're mistaken on that score. But anyway, let's hear from, I think, Counselor Albright, right? Thank you. My client is dead, okay? He died in August of 2006. The manner in which the court addressed U-Haul's discovery concerns was to make an assumption that all the factual allegations would be taken as evidence, and there was no evidence to the contrary. That means that they took a different view of Wamser than they took of Albright. The NLRB, which maybe I'm going a little bit beyond the record, but the NLRB did not request certification on behalf of Albright, who was dead at that time. I don't know how you can draw a distinction between the active participant in an alleged conspiracy to violate confidentiality and not treat the co-conspirator in the same manner. So that's something I think has been neglected. But your client is now the Albright estate, right?  And the interest is that presumably the estate is on the hook for any judgment entered in this case against Albright. It could be on the hook if there was anything in the estate. With the court's leave, U-Haul did not get, and this is beyond the court's jurisdiction, but I think it's important to round out the circumstances. U-Haul did not get notice of the closing of the estate because of a breakdown in communication with the attorney who was then handling the estate and the assumption that with the order of the district court, the estate would be out of it. And part of the reason for that is that U-Haul had access to the probate information. And this was a very small estate. It wouldn't have paid for more than a couple of days of attorneys in the litigation. So U-Haul, you know, about a year ago, filed a petition to reopen the estate. And during the hearing, which I attended because I intervened when it was the petition to reopen was there, the probate commissioner said, look, okay, I'll reopen the estate, but everything was distributed when I closed the estate some time ago. Months and months passed with the estate reopened. And U-Haul did nothing to pursue their claim to the extent that the estate file was archived. And I've got court records and I can produce them if you want to see them, but the court records were archived. That court is not only closed, I mean, that probate is not only closed and Mr. Albright is not only dead, but the estate is buried. And I think that they would have, U-Haul would have a hard time pressing for another reopening given the fact that it got what it wanted and did nothing with it. Well, this is a long story, but I don't think we can sort it out here. No, I'm not going to sort it out here. But if your position is, if I'm heard correctly, is that Albright is dead, and obviously he can't be a party. And again, I listened to what you said, it sounded to me like what you're saying is if the estate no longer exists as an entity under Nevada law, then the remedy would be simply to file something with district court if there was a remand to suggest that this party no longer exists. But that's not something we can sort out here. Well, I understand that. And I just have a few more comments on the law. I think you're way over your time. I think we'll have to call an end to it. Okay. You have a little time left over. Thank you, Your Honor. Just two points. One, again, as Judge Reimer pointed out, there was no jurisdictional issue. The removal of the United States and substitution of the United States conclusively established removal jurisdiction of the district court. So all of this talk about what a district judge can do to determine the existence of a subject matter jurisdiction. You've said this before. Let me ask you something else. The district court here dismissed all of the state claims without prejudice? All of the claims were state claims. What the Court said was that because of the United States. Well, insofar as it was a claim against the United States, because the United States did substitute in, it would then become a federal claims act claim. So that would become a federal claim. You still apply state law, but so I think we'd call it a federal claim. But the word claims, state law claims against. Oh, right. Against all of the defendants when the case began. You're right, Your Honor. When the case began. And the law firm and so on. In those cases, those claims were dismissed without prejudice? Yes, Your Honor. Did you argue, are you taking the position that they should instead have been remanded to state court? Well, the argument they have is that. The argument made in the brief is that the removal conclusively establishes removal jurisdiction in the court under the Westfall Act and the Tort Claims Act. Secondly, that the remand of this case for to prefer the proceedings in front of the district court to comply with the Westfall Act and the Federal Tort Claims Act vis-a-vis certification. Those claims are the claims. There are no – there were no separate claims that were parsed out and dismissed for any substantive reason. The whole predicate of the district court's ruling was the substitution of the United States. Yeah, but what you're – I think the point is, with regard to the supplemental claims, once the district court substituted the United States, converted the claim into a Federal Tort Act claim, you didn't – hadn't exhausted, therefore, the Federal claim is dismissed and gone. That left only supplemental or State law claims, which the district court then dismissed. Using as a predicate the substitution of Mr. Albright. And I'm trying to answer your – I'm really not trying to evade your question, Your Honor. Well, it's the same question that Judge Kucinski asked. I just tried to spell it out. Did you have a – assert a problem in the district court with the dismissal – the discretionary dismissal of supplemental claims once the Federal claims were gone? In the district court? Yes. There was – there was no opportunity to address that in the district court, Your Honor. We addressed it here. Okay. Thank you. And do you – do you argue here, is your position here, that the supplemental claims should have been dismissed with prejudice, without prejudice, or been remanded? No. We argue that they should not have been dismissed at all, that this case should be remanded and stay in the district court. Okay. But failing that, if you lose on that argument, okay? Let's say you lose. So just so I understand what your position is, you are satisfied with having had the supplemental claims dismissed? No, Your Honor. You're not arguing with a remand to State court? No, Your Honor. The removal jurisdiction is established. That's just Federal jurisdiction. There's no magic to it. It doesn't guarantee a lifetime in Federal court if you're without a Federal hook. And once the Federal hook is removed, as it was here, then the court nevertheless has discretionary ability to shift the supplemental State law claims back to State court or dismiss it. If the court takes the position that the removal jurisdiction is not conclusive than under 1447, then the court had to remand back to State court. Thank you. Thank you. The case is signed. You will stand submitted.
judges: Trager, Kozinski, Rymer